PHILIP R. SELLINGER
United States Attorney
THANDIWE BOYLAN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMANDA RICHARDSON and MOSSIMMBO ROBERTS, <br><br> *Plaintiffs*, <br><br> v. <br><br> ANKITA LUTHRA, M.D., POUYA JAVADIAN, M.D. EDSEL ANTONIO, D.O., JENNY JEAN, M.D., KENNETH TREADWELL, M.D., NEWARK BETH ISRAEL MEDICAL CENTER, AFAMEFUNE U. ONEJEME, M.D., NEWARK COMMUNITY HEALTH CENTERS, INC., JOHN DOES 1-10 and JANE DOES 1-10 (representing presently unknown health care providers or health care providers with regard to which negligence is not presently suspected including but not limited to doctors, residents, nurses, technicians and others); and ABC CORPS. 1-10 (representing presently unknown facilities or entities or facilities or entities with regard to which negligence is not presently suspected), <br><br> *Defendants*. | CIVIL ACTION NO. <br><br><br><br> **NOTICE OF REMOVAL** |

-1-

TO:   Clerk
      Essex County Superior Court
      50 West Market Street
      Newark, New Jersey 07102

      William O. Crutchlow, Esq.
      EICHEN CRUTCHLOW ZASLOW
      40 Ethel Road
      Edison, New Jersey 08817

 **PLEASE TAKE NOTICE** that this case, previously pending in the New Jersey Superior Court, Essex County, Docket No. ESX-L-2798-21, is now removed to the United States District Court for the District of New Jersey, pursuant to 42 U.S.C. § 233(c). The United States of America is substituted for the removing Defendants Afamefune U. Onejeme, M.D. and Newark Community Health Centers, Inc. (collectively, the "Removing Defendants") under 42 U.S.C. § 233(c) and (g), with respect to all of the claims set forth against them in the First Amended Complaint. The United States of America, by and through its undersigned attorneys, respectfully states the following in support of the removal of this matter:

 1. On December 21, 2021, Plaintiff initiated this action in New Jersey Superior Court, Essex County. *See* **Exhibit A** (State Court Docket). Plaintiff has not effected service of process upon the United States of America in the manner specified in and required under Federal Rule of Civil Procedure 4(i).

 2. In the State Court Action, Plaintiff seeks damages from the Removing Defendants for personal injuries allegedly sustained as the direct and proximate result of the Removing Defendants' alleged negligence, *i.e.*, medical malpractice. *See* **Exhibit B** (State Court First Amended Complaint).

3.     The United States Department of Health and Human Services determined that the Removing Defendants were covered by the Federal Tort Claims Act ("FTCA") since January 1, 2019, for purposes of this action. *See* **Exhibit C** (Declaration of Erica Gibson dated March 22, 2022, with exhibit). At all times relevant to the First Amended Complaint, the Removing Defendants have been deemed as Public Health Service employees under 42 U.S.C. § 233(g). *See* **Exhibit C**, ¶¶ 5-6.

4.     Sections 233(a) and (g) of Title 42 of the United States Code, as amended by the Federally Supported Health Centers Assistance Act of 1995 (Public Law 104-73) provides that the FTCA is the exclusive remedy for tort claims against the United States.

5.     This action is deemed to be an action against the United States under 42 U.S.C. § 233(c), because the Removing Defendants were acting within the scope of employment as employees of the United States at the time of the conduct alleged in the Complaint. *See* **Exhibit D** (Certification of Scope of Employment).

6.     The United States District Courts have exclusive jurisdiction over tort actions filed against the United States under the FTCA. 28 U.S.C. § 1346(b).

7.     Removal of this action to the federal district court is timely because under section 233(c), the action can be removed from state court to the federal district court any time before trial. *See, e.g.*, *Estrella v. Yahav*, No. 15-CV-4286, 2016 WL 1230555, at *4 (D.N.J. Mar. 29, 2016). Upon information and belief, a trial has not been scheduled in the State Action.

8.      This Notice of Removal will be filed with the Clerk of the New Jersey Superior Court, Law Division, Essex County, and will be served on all parties in accordance with 28 U.S.C. § 1446(d). *See* **Exhibit E** (Letter to Clerk of New Jersey Superior Court).

9.      The United States of America is substituted as a defendant in place of the Removing Defendants. *See* 42 U.S.C. § 233(c) and (g).

Dated: Newark, New Jersey
    March 29, 2022

PHILIP R. SELLINGER
United States Attorney

By:   *s/Thandiwe Boylan*
       THANDIWE BOYLAN
       Assistant United States Attorney

# EXHIBIT A

## Case Summary

**Case Number:** ESX L-002798-21

**Case Caption:** Richardson Amanda  Vs Luthra M.D. Ankita

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Essex | **Case Initiation Date:** 04/07/2021 |
| **Case Type:** Medical Malpractice | **Case Status:** Active | **Jury Demand:** 6 Jurors |
| **Case Track:** 3 | **Judge:** Keith E Lynott | **Team:** 2 |
| **Original Discovery End Date:** 09/14/2022 | **Current Discovery End Date:** 09/14/2022 | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

**Plaintiffs**
**Mossimmbo  Roberts**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** William O Crutchlow |
| **Address Line 1:** 81 Carnegie Avenue | **Address Line 2:** | **Attorney Bar ID:** 017391993 |
| **City:** East Orange    **State:** NJ | **Zip:** 07018 | **Phone:** (732) 777-0100 |
| **Attorney Email:** WCRUTCHLOW@NJADVOCATES.COM | | |

**Amanda  Richardson**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** William O Crutchlow |
| **Address Line 1:** 81 Carnegie Avenue | **Address Line 2:** | **Attorney Bar ID:** 017391993 |
| **City:** East Orange    **State:** NJ | **Zip:** 07018 | **Phone:** (732) 777-0100 |
| **Attorney Email:** WCRUTCHLOW@NJADVOCATES.COM | | |

**Defendants**
**Ankita  Luthra M.D.**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Lauren Mary Strollo |
| **Address Line 1:** 201 Lyons Avenue | **Address Line 2:** | **Attorney Bar ID:** 018361986 |
| **City:** Newark    **State:** NJ | **Zip:** 07112 | **Phone:** (973) 926-7000 |
| **Attorney Email:** LSTROLLO@VASIOSLAW.COM | | |

**Jane Does 1-10**

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:**    **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Kenneth  Treadwell M.D.**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Lauren Mary Strollo |
| **Address Line 1:** 201 Lyons Avenue | **Address Line 2:** | **Attorney Bar ID:** 018361986 |
| **City:** Newark    **State:** NJ | **Zip:** 07112 | **Phone:** (973) 926-7000 |
| **Attorney Email:** LSTROLLO@VASIOSLAW.COM | | |

**Jenny  Jean M.D.**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Lauren Mary Strollo |
| **Address Line 1:** 201 Lyons Avenue | **Address Line 2:** | **Attorney Bar ID:** 018361986 |
| **City:** Newark    **State:** NJ | **Zip:** 07112 | **Phone:** (973) 926-7000 |
| **Attorney Email:** LSTROLLO@VASIOSLAW.COM | | |

**Edsel  Antonio D.O.**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Lauren Mary Strollo |
| **Address Line 1:** 201 Lyons Avenue | **Address Line 2:** | **Attorney Bar ID:** 018361986 |
| **City:** Newark    **State:** NJ | **Zip:** 07112 | **Phone:** (973) 926-7000 |

**Attorney Email:** LSTROLLO@VASIOSLAW.COM

| Pouya  Javadian M.D. | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Lauren Mary Strollo |
| **Address Line 1:** 201 Lyons Avenue | **Address Line 2:** | **Attorney Bar ID:** 018361986 |
| **City:** Newark | **State:** NJ | **Zip:** 07112 | **Phone:** (973) 926-7000 |
| **Attorney Email:** LSTROLLO@VASIOSLAW.COM | | |

| John Does 1-10 | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

| Newark Beth Israel Medical Cen AKA  Newark Beth Israel Medical Center | | |
|---|---|---|
| **Party Description:** Hospital | | **Attorney Name:** Lauren Mary Strollo |
| **Address Line 1:** 201 Lyons Avenue | **Address Line 2:** | **Attorney Bar ID:** 018361986 |
| **City:** Newark | **State:** NJ | **Zip:** 07112 | **Phone:** (973) 926-7000 |
| **Attorney Email:** LSTROLLO@VASIOSLAW.COM | | |

| Newark Community Health Center | | |
|---|---|---|
| **Party Description:** Corp | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

| Abc Corps 1-10 | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

| Afamefune U Onejeme Md | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Case Proceeding**

| Created Date | Scheduled Time | Court Room | Judge Name | Proceeding Description | Motion Type | Proceeding Status | Motion Status |
|---|---|---|---|---|---|---|---|
| 09/13/2021 | 11:00 | REMOT | KEITH   E LYNOTT | FERREIRA CONFERENCE | | CANCEL | |
| 12/03/2021 | 09:00 | REMOT | SHARIFA  R SALAAM | MOTION HEARING | MOTION TO FILE OR AMEND COMPLAINT | COMPLETED | CM |

**Case Actions**

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 09/09/2021 | FERREIRA CONFERENCE WAIVED submitted by CRUTCHLOW, WILLIAM, O of EICHEN CRUTCHLOW ZASLOW, LLP on behalf of AMANDA  RICHARDSON against ANKITA  LUTHRA M.D., KENNETH  TREADWELL M.D., JENNY  JEAN M.D., EDSEL  ANTONIO D.O., POUYA  JAVADIAN M.D. ET AL. | LCV20212085061 | 09/09/2021 |
| 09/10/2021 | STIPULATION OF DISMISSAL submitted by STROLLO, LAUREN, MARY of VASIOS KELLY & STROLLO PA on behalf of ANKITA  LUTHRA M.D., JANE DOES 1-10, KENNETH  TREADWELL M.D., JENNY  JEAN M.D., EDSEL  ANTONIO D.O. ET AL. against MOSSIMMBO  ROBERTS, AMANDA  RICHARDSON | LCV20212101256 | 09/10/2021 |
| 09/10/2021 | CLERK NOTICE:  re: FERREIRA CONFERENCE WAIVED [LCV20212085061] -The Ferrerria  Conference is adjourned for Monday 9/13/21. | LCV20212103608 | 09/10/2021 |
| 09/13/2021 | Consent Order - GRANTED by Judge LYNOTT, KEITH, E | LCV20212118148 | 09/13/2021 |
| 04/07/2021 | Complaint with Jury Demand for ESX-L-002798-21 submitted by CRUTCHLOW, WILLIAM O, EICHEN CRUTCHLOW ZASLOW, LLP on behalf of AMANDA RICHARDSON, MOSSIMMBO ROBERTS against ANKITA LUTHRA M.D., POUYA JAVADIAN M.D., EDSEL ANTONIO D.O., JENNY JEAN M.D., KENNETH TREADWELL M.D. ET AL. | LCV2021905081 | 04/07/2021 |
| 04/08/2021 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV2021913574 | 04/08/2021 |

| | | | |
|---|---|---|---|
| 04/12/2021 | AFFIDAVIT OF SERVICE submitted by CRUTCHLOW, WILLIAM, O of EICHEN CRUTCHLOW ZASLOW, LLP on behalf of AMANDA RICHARDSON against ANKITA LUTHRA M.D., KENNETH TREADWELL M.D., JENNY JEAN M.D., NEWARK BETH ISRAEL MEDICAL CENTER | LCV2021936228 | 04/12/2021 |
| 05/11/2021 | AFFIDAVIT OF SERVICE submitted by CRUTCHLOW, WILLIAM, O of EICHEN CRUTCHLOW ZASLOW, LLP on behalf of AMANDA RICHARDSON against EDSEL ANTONIO D.O. | LCV20211174523 | 05/11/2021 |
| 06/08/2021 | AFFIDAVIT OF SERVICE submitted by CRUTCHLOW, WILLIAM, O of EICHEN CRUTCHLOW ZASLOW, LLP on behalf of AMANDA RICHARDSON against POUYA JAVADIAN M.D. | LCV20211385383 | 06/08/2021 |
| 06/21/2021 | Answer W/Jury Demand submitted by STROLLO, LAUREN, MARY of VASIOS KELLY & STROLLO PA on behalf of ANKITA LUTHRA M.D., KENNETH TREADWELL M.D., JENNY JEAN M.D., EDSEL ANTONIO D.O., POUYA JAVADIAN M.D. ET AL. against MOSSIMMBO ROBERTS, AMANDA RICHARDSON | LCV20211476429 | 06/21/2021 |
| 07/23/2021 | COURT Notice submitted by Case Management | LCV20211726046 | 07/23/2021 |
| 10/16/2021 | LACK OF PROSECUTION DISMISSAL WARNING Notice submitted by Case Management | LCV20212409932 | 10/16/2021 |
| 10/18/2021 | GENERAL CORRESPONDENCE submitted by CRUTCHLOW, WILLIAM, O of EICHEN CRUTCHLOW ZASLOW, LLP on behalf of AMANDA RICHARDSON against EDSEL ANTONIO D.O. | LCV20212414464 | 10/18/2021 |
| 10/18/2021 | CLERK NOTICE: re: GENERAL CORRESPONDENCE [LCV20212414464] -Other: Dismissal as to deft Antonio in error. Answer filed 6/21/21 is yet to be processed. Once this is done it will take care of the dismissal notice. Thank you. | LCV20212416395 | 10/18/2021 |
| 11/04/2021 | MOTION TO FILE OR AMEND COMPLAINT submitted by CRUTCHLOW, WILLIAM, O of EICHEN CRUTCHLOW ZASLOW, LLP on behalf of AMANDA RICHARDSON against ANKITA LUTHRA M.D., KENNETH TREADWELL M.D., JENNY JEAN M.D., EDSEL ANTONIO D.O., POUYA JAVADIAN M.D. ET AL. | LCV20212580525 | 11/04/2021 |
| 11/05/2021 | The motion filed on 11/04/2021 will be decided on 12/03/2021. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION TO FILE OR AMEND COMPLAINT [LCV20212580525] | LCV20212585714 | 11/05/2021 |
| 12/08/2021 | ORDER TO FILE OR AMEND COMPLAINT-Granted by Judge SALAAM, SHARIFA, R re: MOTION TO FILE OR AMEND COMPLAINT [LCV20212580525] | LCV20212871016 | 12/08/2021 |
| 12/21/2021 | AMENDED COMPLAINT submitted by CRUTCHLOW, WILLIAM, O of EICHEN CRUTCHLOW ZASLOW, LLP on behalf of AMANDA RICHARDSON against ANKITA LUTHRA M.D., KENNETH TREADWELL M.D., JENNY JEAN M.D., EDSEL ANTONIO D.O., NEWARK BETH ISRAEL MEDICAL CENTER | LCV20213069308 | 12/21/2021 |
| 12/30/2021 | AFFIDAVIT OF SERVICE submitted by CRUTCHLOW, WILLIAM, O of EICHEN CRUTCHLOW ZASLOW, LLP on behalf of AMANDA RICHARDSON against NEWARK COMMUNITY HEALTH CENTER, AFAMEFUNE U ONEJEME MD | LCV20213150020 | 12/30/2021 |
| 01/31/2022 | REQUEST FOR DEFAULT submitted by CRUTCHLOW, WILLIAM, O of EICHEN CRUTCHLOW ZASLOW, LLP on behalf of AMANDA RICHARDSON against NEWARK COMMUNITY HEALTH CENTER, AFAMEFUNE U ONEJEME MD | LCV2022410862 | 01/31/2022 |
| 01/31/2022 | DEFICIENCY NOTICE: re: REQUEST FOR DEFAULT [LCV2022410862] -Other. the default request is premature. the 35 days to answer has not expired as yet. | LCV2022410940 | 01/31/2022 |

# EXHIBIT B

EC

**William O. Crutchlow, Esq. Attorney IDN: 017391993**
**EICHEN, CRUTCHLOW, ZASLOW, LLP**
**40 Ethel Road**
**Edison, NJ 08817**
**1-732-777-0100**
**Attorneys for Plaintiffs**

RECEIVED

DEC 27 2021

| | |
|---|---|
| AMANDA RICHARDSON and MOSSIMMBO ROBERTS, <br><br> Plaintiffs, <br><br> -vs- <br><br> ANKITA LUTHRA, M.D., POUYA JAVADIAN, M.D., EDSEL ANTONIO, D.O., JENNY JEAN, M.D., KENNETH TREADWELL, M.D., NEWARK BETH ISRAEL MEDICAL CENTER., AFAMEFUNE U. ONEJEME, M.D., NEWARK COMMUNITY HEALTH CENTERS, INC., JOHN DOES 1-10 and JANE DOES 1-10 (representing presently unknown health care providers or health care providers with regard to which negligence is not presently suspected including but not limited to doctors, residents, nurses, technicians and others); and ABC CORPS. 1-10 (representing presently unknown facilities or entities or facilities or entities with regard to which negligence is not presently suspected), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY DOCKET NO: ESX-L-2798-21 <br><br> CIVIL ACTION <br><br> ***SUMMONS*** |

To the Defendant(s) named above:   Newark Community Health Centers, Inc.
444 William Street
East Orange NJ  07017-2213

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New

Jersey.  The Complaint attached to this Summons states the basis for this lawsuit.  If you dispute

this Complaint, you or your attorney must file a written answer or motion and proof of service

with the deputy clerk of the Superior Court in the county listed above within 35 days from the date

2

you received this summons, not counting the date you received it.  If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625.  A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the Court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey State Bar Association Referral Service.

/s/ Michelle Smith
Michelle M. Smith, Clerk

Dated: December 21, 2021

Name of Defendant to be served:      Newark Community Health Centers
444 William Street
East Orange NJ  07017-2213

*$175.00 for Law Division Cases

3

William O. Crutchlow, Esq.  Attorney IDN: 017391993
EICHEN CRUTCHLOW ZASLOW, LLP
40 Ethel Road
Edison, New Jersey 08817
1-732-777-0100
Attorneys for Plaintiff

| | |
|---|---|
| AMANDA RICHARDSON and MOSSIMMBO ROBERTS,<br><br>                         Plaintiffs,<br><br>-vs-<br><br>ANKITA LUTHRA, M.D., POUYA JAVADIAN, M.D., EDSEL ANTONIO, D.O., JENNY JEAN, M.D., KENNETH TREADWELL, M.D., NEWARK BETH ISRAEL MEDICAL CENTER., AFAMEFUNE U. ONEJEME, M.D., NEWARK COMMUNITY HEALTH CENTERS, INC., JOHN DOES 1-10 and JANE DOES 1-10 (representing presently unknown health care providers or health care providers with regard to which negligence is not presently suspected including but not limited to doctors, residents, nurses, technicians and others); and  ABC CORPS. 1-10 (representing presently unknown facilities or entities or facilities or entities with regard to which negligence is not presently suspected),<br><br>                         Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY DOCKET NO: ESX-L-2798-21<br><br>CIVIL ACTION<br><br>**FIRST AMENDED COMPLAINT** |

The Plaintiffs, AMANDA RICHARDSON, and MOSSIMBO ROBERTS of East Orange,

County of Essex, State of New Jersey, by way of Complaint against the defendants, say:

## PARTIES

1.  Defendant ANKITA LUTHRA, M.D. was at all times relevant hereto a

licensed physician in the State of New Jersey. She has at all times relevant hereto held herself out

as a specialist in Obstetrics and Gynecology.

2.  Defendant POUYA JAVADIAN, M.D. was at all times relevant hereto a

licensed physician in the State of New Jersey. He has at all times relevant hereto held himself out

as a specialist in Obstetrics and Gynecology.

3.  Defendant EDSEL ANTONIO, D.O. was at all times relevant hereto a

licensed physician in the State of New Jersey. He has at all times relevant hereto held himself out

as a specialist in Obstetrics and Gynecology.

4.  Defendant JENNY JEAN, M.D. was at all times relevant hereto a

licensed physician in the State of New Jersey. She has at all times relevant hereto held herself out

as a specialist in Obstetrics and Gynecology.

5.  Defendant KENNETH TREADWELL, M.D. was at all times relevant hereto a

licensed physician in the State of New Jersey. He has at all times relevant hereto held himself out

as a specialist in Obstetrics and Gynecology.

6.  The Defendant NEWARK BETH ISRAEL MEDICAL CENTER was at all times

relevant hereto a licensed hospital authorized to operate in the State of New Jersey.  Upon

information and belief, this entity was the employer of defendants ANKITA LUTHRA, M.D.,

POUYA JAVADIAN, M.D., EDSEL ANTONIO, D.O., JENNY JEAN, M.D., and/or

KENNETH TREADWELL, M.D and/or said individually named defendants were agents

(apparent or actual) and/or representatives of this entity during all times relevant hereto.

7. Defendant AFAMEFUNE U. ONEJEME, M.D. was at all times relevant hereto a licensed physician in the State of New Jersey. He has at all times relevant hereto held himself out as a specialist in Obstetrics and Gynecology.

8. The Defendant NEWARK COMMUNITY HEALTH CENTERS, INC., was at all times relevant hereto, upon information and belief, a Federally Qualified Health Center authorized to operate in the State of New Jersey. Upon information and belief, this entity is the employer of Defendant AFAMEFUNE U. ONEJEME, M.D., and/or said this Defendant was an agent (apparent or actual) and/or representative of this entity during all times relevant hereto.

9. JOHN DOES 1-10, JANE DOES 1-10 and ABC CORPORATIONS 1-10, are fictitious, presently unidentified persons or entities or are persons or entities with regard to which negligence is not presently suspected including, physicians, maternal-fetal medicine specialists, obstetricians, gynecologists, assisting surgeons, physician assistants, nurse practitioners, advanced practice nurses, employees, agents (actual or apparent) or representatives of the defendants, corporate officers, agents, directors, consultants, corporations or other business entities, healthcare facilities, doctors, residents, fellows, nurses or technicians, and other healthcare providers who were jointly or severally involved in aided, assisted or directed the activities, actions or failures to act that are set forth herein.

## COUNT ONE
## PROFESSIONAL NEGLIGENCE

10. The Plaintiffs repeat and reallege the content of each paragraph in the Parties section of this Complaint as if set forth herein at length.

11. Each of the Defendants failed to exercise reasonable care and was negligent in the management of their patient, AMANDA RICHARDSON, and her unborn child during the pregnancy that ended with a fetal demise discovered on or about April 30, 2019. Each deviated

from accepted standards of medical care and was negligent in this regard.

12. As a direct and proximate consequence of the Defendants' negligence and deviations from accepted standards of medical care, the Plaintiffs, AMANDA RICHARDSON and MOSSIMBO ROBERTS were cause to suffer severe and permanent injuries; they have been caused to endure pain and suffering, including severe emotional distress, and will continue to endure pain and suffering, including severe emotional distress, in the future; they have been caused to incur medical expenses and will continue to incur medical expenses in the future; they have been forced to incur additional economic and other damages.

WHEREFORE, the Plaintiffs demand judgment against the defendants, jointly, severally, and in the alternative:

a) Awarding compensatory damages for the personal injuries to the Plaintiffs;

b) Awarding pre-judgment and post-judgment interest to the Plaintiffs;

c) Awarding the costs and expenses of this litigation to the Plaintiffs;

d) Awarding reasonable attorneys' fees and costs to the Plaintiffs as provided by law; and

e) Granting such other relief as the Court deems just and proper.

## JURY DEMAND

PLEASE TAKE NOTICE that the Plaintiffs, pursuant to Rule 4:35-1, demand a trial by jury as to all issues.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:10-2(b), demand is hereby made that defendants disclose to plaintiff's attorneys whether there are any insurance agreements or policies under which any person or firm

carrying on an insurance business may be liable to satisfy part or all of a judgment and provide plaintiff's attorneys with true copies of such insurance agreements or policies including, but not limited to, any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also any and all excess, catastrophe and umbrella policies.

### DEMAND FOR PRODUCTION OF ALL MEDICAL RECORDS/SPECIMENS

Pursuant to Rule 4:18-1, demand is hereby made that each of the defendants produce to plaintiff's attorneys the entire and complete medical records (including and all phone message or related documents) and all pathology specimens (including placental pathology specimens) relating to any medical care provided by any defendant to any plaintiff at any time, handwritten notes, office and hospital records, test results, diagnostic tests, actual X-rays, CAT scans, MRI films, EKG strips, etc. This demand shall further include all documents sent by or at the request of defendant to any insurance carrier or third party for payment of any bills incurred for providing medical care to plaintiff. All documents and other materials are to be produced to the office of plaintiff's attorneys within 45 days.

### DEMAND FOR INSPECTION OF ORIGINAL RECORDS

Pursuant to Rule 4:18-1, demand is hereby made that the defendant make available all original records described in the preceding demand for inspection within 45 days.

### DEMAND FOR ANSWERS TO INTERROAGTORIES

The Plaintiffs hereby demand that each Defendant provide certified answers to Uniform Form C and C(3) Interrogatories within sixty (60) days of service of the respective Answer of each defendant, per New Jersey Court Rule 4:17.

## NOTICE TO PRODUCE

Pursuant to Rule 4:18-1, the Plaintiffs hereby demand that each of the Defendants produce the following documentation within thirty (30) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and the defendant is therefore required to continuously update its responses thereto as new information or documentation comes into existence.

1.      A complete copy of any and all medical records, notes (whether part of the chart of the patient or not), pharmacy records (including those maintained separate and apart from the patient's chart),  pathology specimens and records, radiology records (including those maintained separate and apart from the patient's chart), laboratory records (including those maintained separate and apart from the patient's chart), billing information, appointment book pages, computer entries, prescription forms, telephone messages and the like maintained by the defendant which in any way relate to the plaintiff.

2.      Any document sufficient to detail the name and address of any answering or like service utilized by the defendant during the time that the plaintiff was a patient of the defendant.

3.      Any document sufficient to provide the name and address of any transcription service utilized by the defendant during the time that the plaintiff was a patient of the defendant.

4.      Any and all documents of any type, including but not limited to Orders, Judgments, final decisions and the like, received from the New Jersey Board of Medical Examiners, or any other licensing body, or from any hospital or other entity where the defendant was on staff or sought staff privileges regarding any investigation, disciplinary proceeding and/or action taken by such a body which in any way relate to the defendant's medical license, his  license to prescribe any medications or hospital privileges.

5.      Any and all documents which in any way relate to any internal hospital or other evaluation or investigation of the medical care provided to the plaintiff.

6.      Any and all incident reports of any type which in any way relate to the plaintiff.

7.      A complete transcription of all handwritten notes in the record of this defendant.

8.      A complete list of all persons whose name or signature appears in the medical record of this defendant, with specific reference to where each name appears and the title of each person.

9.      The reports of any and all experts, oral or written, whether they will testify at trial or not, who have reviewed any aspect of this case at the request of defense counsel, the defendant, the defendant's insurance carrier or any other agent or representative of the defendant.

10.      A complete copy of the CV of the defendant and copies of all publications referenced therein.

11.      A complete copy of the CV of any defense expert and copies of any publications referenced therein (to be supplied prior to the deposition of the defense expert or an application to bar the testimony of said expert will be made).

12.      A complete copy of any and all correspondence of any type as well as a list of any documents provided from/to or exchanged between defense counsel, the defendant, the defendant's insurance carrier and any defense expert (to be supplied prior to the deposition of any defense expert or an application to bar the testimony of said expert will be made).

13.      Copies of all photographs, video and/or audio recordings or other recordings of any type which are in the possession or control of any defendant, defense attorney or agent/representative thereof which in any way relate to the plaintiff, whether same will be produced at trial or not. This request specifically relates to surveillance video, photos or recordings of any kind.

14.      Complete copies or reproductions of any demonstrative evidence of any type that the defense will attempt to use at trial.

15.      Complete copies of any and all diagnostic films (x-rays, Ct scans, MRI films, ultrasounds etc.) in the possession or control of the defendant or any representative of the defense which in any way relate to the plaintiff.

16.      Complete copies of all records of any type (medical, hospital, employment or otherwise) that are obtained by the defense which in any way relate to the defendant, whether same will be used at trial or not.

17.      Complete copies of any document of any type drafted by or signed by the plaintiff or any representative of the plaintiff.

18.      Complete copies of any document of any type sent to or provided to the defendant by or on behalf of the plaintiff or by or on behalf of the defendant to the plaintiff, whether relating to medical diagnosis or treatment or not, at any time.

19.      Copies of each and every pleading, including, but not limited to, the complaint, answers, interrogatories, notices to produce, answers to interrogatories and notices to produce, motions, deposition notices, deposition transcripts, requests for admissions and responses thereto, settlement documents, releases, judgments, stipulations, covenants not to sue, warrants to satisfy judgments and the like which in any way relate to this action or to any plaintiff herein.

20.     Any document prepared by or signed by the defendant or any other defendant to this case.

21.     Complete copies of any phone bills regarding any phone and fax numbers maintained by the defendant or his office with regard to the date of any phone call or fax that the defendant claims was made which in any way related to the plaintiff, whether said call or fax is documented in the record or not.

22.     Complete copies of any "on call schedules" relating to coverage provided for this defendant by any other doctor or by this defendant for any other doctor which in any way relate to the plaintiffs medical care.

23.     Complete copies of any and all factual summaries of any type prepared by the defendant or on his behalf which contain any information relevant hereto.

24.     Complete duplications of any and all diagrams, impressions, blow-ups, casts or models made for or on behalf of the defendant or his counsel.

25.     Complete copies or duplications of any records, documents, items, recordings, duplications or the like not previously requested herein which are in any way relevant hereto.

26.     Complete copies of the contract maintained between the defendant and any entity providing medical insurance or health coverage of any type for the plaintiff in place during the time that the defendant treated the plaintiff.

27.     Complete copies of any documents exchanged between the defendant and the health care insurance entity or entities detailed in the prior request that in any way relate to the plaintiff.

28.     Complete copies of any statements in any form taken from any person not a party to this action at any time which relate in any way to this case.

29.     Complete copies of any documents or things which the defense intends to use or introduce into evidence at the time of trial.

30.     Complete copies of the specific portions of any and all medical treatise, text, journal or other publication of any type upon which the defense experts relied in crafting their opinions, with regard to which any defense expert or the defendant will rely at trial, upon which defense counsel will rely at trial (whether in the direct defense case or on cross-examination of plaintiff witnesses) or which the defense will attempt to offer into evidence.

31.     A complete list, including names and docket numbers of the cases, the name and address of counsel who retained them, whether they acted on behalf of the plaintiff or defense and a brief summary of each case with regard to all matters within which any defense witness, including the defendant, has acted as an expert over the past five years.

32. Complete copies of any sworn testimony from any source, including in other cases or matters, provided by any witness, including expert witnesses, identified as a potential witness at the time of trial in this case on behalf of any party, that any defendant or defense counsel is in possession of or has access to and which <u>may</u> be utilized at the time of trial of this case in any capacity.

33. Complete duplicates, not photocopies, of any images of any kind, including, but not limited to, radiology images contained within the medical record of any defendant, including the defendant hospital.

## <u>DESIGNATION OF TRIAL COUNSEL</u>

PLEASE TAKE NOTICE that attorney, WILLIAM O. CRUTCHLOW is hereby

designated as trial counsel in the above-captioned litigation for the firm of EICHEN

CRUTCHLOW ZASLOW, LLP pursuant to <u>R.</u> 4:25-4.

Attorneys for Plaintiffs

_____
WILLIAM O. CRUTCHLOW, ESQ.

Dated: December 20, 2021

## CERTIFICATION PURSUANT TO R. 4:5-1

I, WILLIAM O. CRUTCHLOW, of full age, do hereby certify:

1. I am an attorney at law of the State of New Jersey, and am a partner in the law firm of EICHEN CRUTCHLOW ZASLOW, LLP attorneys for the Plaintiff in the above-captioned matter.

2. To the best of my knowledge, information and belief there is no other action pending about the subject matter of this Complaint in any Court or arbitration proceeding.

3. I am unaware of any other persons or entities who should be made parties to this case or who may be properly subject to joinder.

Attorneys for Plaintiffs

_____
WILLIAM O. CRUTCHLOW, ESQ.

Dated: December 20, 2021

**WILLIAM O. CRUTCHLOW ESQ.-ATTORNEY IDN: 017391993**
**EICHEN CRUTCHLOW ZASLOW, LLP**
**Attorneys-At-Law**
**40 Ethel Road**
**Edison, NJ 08817**
**1-732- 777-0100**
**Attorneys for Plaintiffs**

| | |
|---|---|
| AMANDA RICHARDSON and MOSSIMMBO ROBERTS,<br><br>Plaintiffs,<br><br>-vs-<br><br>ANKITA LUTHRA, M.D., POUYA JAVADIAN, M.D., EDSEL ANTONIO, D.O., JENNY JEAN, M.D., KENNETH TREADWELL, M.D., AFAMEFUNE ONEJEME, M.D., NEWARK BETH ISRAEL MEDICAL CENTER., JOHN DOES 1-10 and JANE DOES 1-10 (representing presently unknown health care providers, including but not limited to doctors, residents, nurses, technicians and others); and ABC CORPS. 1-10 (representing presently unknown facilities or entities),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  ESSEX COUNTY<br>DOCKET NO: ESX-L-<br><br>CIVIL ACTION<br><br>**AFFIDAVIT OF MERIT OF**<br>**MARTIN GUBERNICK, M.D.** |

MARTIN GUBERNICK, M.D., under oath, does hereby swear and affirm as follows:

1. My name is MARTIN GUBERNICK, M.D. I am a Physician licensed in the State of New York. I am Board Certified in Obstetrics and Gynecology. I actively practice in this field and I have practiced in this field for more than five years.

2. I have no financial interest in the outcome of the case under review.

3. I have reviewed the medical records regarding this case and I believe with reasonable medical probability that ANKITA LUTHRA, M.D., POUYA JAVADIAN, M.D., EDSEL ANTONIO, D.O., JENNY JEAN, M.D., KENNETH TREADWELL, M.D., AFAMEFUNE ONEJEME, M.D., and NEWARK BETH ISRAEL MEDICAL CENTER, were negligent and practiced below accepted standards of medical care with regard to their patient AMANDA RICHARDSON and her unborn child resulting in fetal demise on or about April 29, 2019.

4. I recognize that my opinions are based on the information currently available. Should additional information become available, I reserve the right to amend my opinions accordingly.

5. I hereby swear and attest that the above statements made by me are true. I am aware that if any of the above is willfully false, I am subject to punishment.

_____
MARTIN GUBERNICK, M.D.

Sworn to and subscribed before me
on this __8th__ day of __April__,
2021.

_____
NOTARY PUBLIC

CLAUDE BRYANT
NOTARY PUBLIC-STATE OF NEW YORK
No. 01BR6160314
Qualified in Kings County
My Commission Expires 03-28-2023

**NOTICE:**

If any defendant has any objection to the sufficiency of this Affidavit of Merit; demand is hereby made that the defendant immediately notify the plaintiff of any such alleged deficiencies so that same may be corrected if necessary and within the time constraint of *N.J.S.A.* 2A:53A-26 et seq.

**FILED**

*3:46 pm, Dec 08, 2021*

William O. Crutchlow, Esq.  Attorney IDN: 017391993
G. Warren Baldwin, Esq.  Attorney IDN: 150732015
EICHEN CRUTCHLOW ZASLOW, LLP
40 Ethel Road
Edison, New Jersey 08817
1-732-777-0100
Attorneys for Plaintiff

| | |
|---|---|
| AMANDA RICHARDSON and MOSSIMMBO ROBERTS, <br><br> Plaintiffs, <br><br> -vs- <br><br> ANKITA LUTHRA, M.D., POUYA JAVADIAN, M.D., EDSEL ANTONIO, D.O., JENNY JEAN, M.D., KENNETH TREADWELL, M.D., NEWARK BETH ISRAEL MEDICAL CENTER., JOHN DOES 1-10 and JANE DOES 1-10 (representing presently unknown health care providers or health care providers with regard to which negligence is not presently suspected including but not limited to doctors, residents, nurses, technicians and others); and ABC CORPS. 1-10 (representing presently unknown facilities or entities or facilities or entities with regard to which negligence is not presently suspected), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY DOCKET NO: ESX-L-2798-21 <br><br> CIVIL ACTION <br><br> **ORDER** |

This matter having been brought before the Court on Motion of Eichen Crutchlow Zaslow, LLP, Attorneys for the Plaintiff, for an Order permitting the Plaintiff to file an Amended Complaint; and the Court having considered the matter and good cause appearing;

IT IS on this ___7th___ day of __December__, 2021;

**ORDERED** that the Plaintiff be and hereby is authorized to file a First Amended Complaint naming Afamefune U. Onejeme, M.D. and Newark Community Health Centers, Inc. as direct Defendants; and, as it is further,

ORDERED that plaintiff's proposed amended complaint attached as Exhibit A may be treated as filed as of the date of this order;

**ORDERED,** that service of this Order shall be deemed effectuated upon all parties upon it being uploaded to E-Courts. Pursuant to <u>R.</u> 1:5-1(a), Movants shall serve a copy of this Order on all parties not served electronically within seven (7) days of the date of this Order.

Hon. Sharifa R. Salaam, J.S.C.          J.S.C.

_____ Opposed

X _____ Unopposed

# EXHIBIT C

PHILIP R. SELLINGER
United States Attorney
THANDIWE BOYLAN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AMANDA RICHARDSON and MOSSIMMBO ROBERTS,<br><br>     *Plaintiffs*,<br><br>     v.<br><br>ANKITA LUTHRA, M.D., POUYA JAVADIAN, M.D., EDSEL ANTONIO D.O. JENNY JEAN, M.D. KENNETH TREADWELL, M.D., NEWARK BETH ISRAEL MEDICAL CENTER, AFAMEFUNE U. ONEJEME, M.D. NEWARK COMMUNITY HEALTH CENTERS, INC., *et al.*,<br><br>     *Defendants*. | **CERTIFICATION OF ERICA GIBSON** |

1.   I am an Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2.   The Department has a Claims Office that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3.  As a consequence, if an administrative tort claim had been filed with the Department with respect to Newark Community Health Centers, Inc., its approved delivery sites or its employees and/or qualified contractors, a record of that filing would be maintained in the Claims Office's database.

4.  I have caused a search of the Claims Office's database to be conducted and found that, on December 23, 2020, the Department received an administrative tort claim filed by Amanda Richardson and Mossimmbo Roberts relating to medical care provided by employees of Newark Community Health Centers, Inc.  On September 28, 2021, the Department issued a final determination denying Ms. Richardson and Mr. Roberts' administrative tort claim.

5.  I have also reviewed official Agency records and determined that Newark Community Health Centers, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage for the calendar year effective January 1, 2019.  The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. A copy of the notification by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to Newark Community Health Centers, Inc. is attached to this declaration as Exhibit 1.

6.  I have also reviewed the employment records submitted by Newark Community Health Centers, Inc., on behalf of Defendant Dr. Afamefune Onejeme,

M.D., and have determined that Dr. Onejeme was an employee of Newark Community Health Centers, Inc., at the time of the incidents giving rise to this suit.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 22nd day of March, 2022.

3/22/2022

X _____

Signed by: PIV

ERICA GIBSON
Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel

# EXHIBIT 1

| FTCA DEEMING NOTICE NO.: | GRANT NUMBER: |
|---|---|
| 1-F00000669-18-01 | H80CS00062 |



NEWARK COMMUNITY HEALTH CENTERS, INC.
741 BROADWAY
NEWARK, NJ 07104

Dear Pamela Clarke:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems NEWARK COMMUNITY HEALTH CENTERS, INC. to be an employee of the PHS, for the purposes of section 224, effective 1/1/2019 through 12/31/2019.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both NEWARK COMMUNITY HEALTH CENTERS, INC. and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

A printer version document only. The document may contain some accessibility challenges for the screen reader users. To access same information, a fully 508 compliant accessible HTML version is available on the HRSA Electronic Handbooks in the FTCA Folder. If you need more information, please contact the BPHC Helpline at 877-974-BPHC (2742); Weekdays from 8:30 AM to 5:30 PM ET.

**1.** ISSUE DATE: (MM/DD/YYYY)

7/3/2018

**2a.** FTCA DEEMING NOTICE NO.:

1-F00000669-18-01

**2b.** Supersedes: [ ]

**3.** COVERAGE PERIOD:

From: 1/1/2019  Through: 12/31/2019

**4.** NOTICE TYPE:

Renewal

**5.** ENTITY NAME AND ADDRESS:

NEWARK COMMUNITY HEALTH CENTERS, INC.
741 BROADWAY
NEWARK, NJ 07104

**6.** ENTITY TYPE:

Grantee

**7.** EXECUTIVE DIRECTOR:

Pamela Clarke

**8a.** GRANTEE ORGANIZATION:

NEWARK COMMUNITY HEALTH CENTERS, INC.

**8b.** GRANT NUMBER:

H80CS00062

DEPARTMENT OF HEALTH AND HUMAN SERVICES
HEALTH RESOURCES AND SERVICES ADMINISTRATION



NOTICE OF DEEMING ACTION
FEDERAL TORT CLAIMS ACT AUTHORIZATION:
Federally Supported Health Centers Assistance Act(FSHCAA), as amended,
Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n)

**9.** THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:

   a. The authorizing program legislation cited above.

   b. The program regulation cited above, and,

   c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10.** Remarks:

The check box [x] in the supersedes field indicates that this notice supersedes any and all active NDAs and rescinds any and all future NDAs issued prior to this notice.

*Electronically signed by Tonya Bowers, Deputy Associate Administrator for Primary Health Care on:* 7/3/2018 2:51:47 PM

A printer version document only. The document may contain some accessibility challenges for the screen reader users. To access same information, a fully 508 compliant accessible HTML version is available on the HRSA Electronic Handbooks in the FTCA Folder. If you need more information, please contact the BPHC Helpline at 877-974-BPHC (2742); Weekdays from 8:30 AM to 5:30 PM ET.

# EXHIBIT D

PHILIP R. SELLINGER
United States Attorney
J. ANDREW RUYMANN
Assistant United States Attorney
Chief, Civil Division
402 East State Street, Room 430
Trenton, NJ 08608
Tel: (609) 989-0563

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMANDA RICHARDSON AND MOSSIMMBO ROBERTS, <br><br> *Plaintiffs,* <br><br> v. <br><br> ANKITA LUTHRA, M.D. et al., <br><br> *Defendants.* | CERTIFICATION OF SCOPE OF EMPLOYMENT <br><br><br> CIVIL ACTION NO. |

I, J. Andrew Ruymann, Chief, Civil Division, United States Attorney's Office for the District of New Jersey, acting pursuant to the provisions of 42 U.S.C. § 233(c) and by virtue of the authority vested in me by 28 C.F.R. § 15.4, certify that I have read the First Amended Complaint in this action, initially filed in New Jersey Superior Court, Essex County, at ESX-L-002798-21. On the basis of the information now available with respect to the allegations therein, I find that Defendants Afamefune Onejeme, M.D., and Newark Community Health Centers, Inc., were acting within the scope of their employment as deemed employees of the United States at the time of the conduct alleged in the First Amended Complaint.

Dated:  March 21, 2022

           PHILIP R. SELLINGER
           United States Attorney

           s/ J. Andrew Ruymann
     By: _____
           J. ANDREW RUYMANN
           Assistant United States Attorney
           Chief, Civil Division

# EXHIBIT E



**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

---

PHILIP R. SELLINGER
UNITED STATES ATTORNEY

*Thandiwe Boylan*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*
*thandiwe.boylan@usdoj.gov*

*main: (973) 645-2700*
*direct:(973) 645-2724*

March 29, 2022

**<u>Via E-filing</u>**

Superior Court of New Jersey
Civil Division: Essex County
50 West Market Street
Newark, NJ 07102

      Re:    *Richardson et al., v. Luthra, et al.*
             Removed from the Superior Court of New Jersey,
             Civil Division: Essex County, Dkt. No.: ESX-L-2798-21

To Whom It May Concern:

      This Office represents Afamefune U. Onejeme, M.D. and Newark Community Health Centers, Inc., named defendants in the above-referenced action. Enclosed please find a copy of a Notice of Removal and a Civil Cover Sheet for the above-referenced case, which was removed on March 29, 2022 to the federal district court.

      42 U.S.C. § 233(c) states that upon certification by the Attorney General that the defendants were acting within the scope of their employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court "shall be removed" to the federal district court. In addition, 28 U.S.C. § 1446(d) provides that upon filing of the Notice of Removal, the action is removed to the District Court. The statute directs that the State Court "shall proceed no further" with the action unless the action is remanded.

      Thank you for your assistance.

                        Respectfully submitted,

                        PHILP R. SELLINGER
                        United States Attorney

        By:    */s/ Thandiwe Boylan*
                THANDIWE BOYLAN
                Assistant United States Attorney

cc: William O. Crutchlow, Esq. (by electronic filing)